RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUN 0 4 2026

DANIEL J. McCOY, CLERK
BY:_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**JOHN ANTHONY CASTRO,**
BOP Register No. 93890-510,
Plaintiff,

v.

**JOHN/JANE DOE,**
an individual whose true name is presently
unknown,
Defendant.

Civil Action No. ___1:26-cv-1888___

**COMPLAINT FOR DAMAGES**
**AND JURY DEMAND**

Plaintiff John Anthony Castro, appearing pro se, files this Complaint for damages against Defendant John/Jane Doe, an individual whose true name is presently unknown, and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a Louisiana tort action arising from Defendant's knowing, intentional, malicious, false, and fraudulent report to federal prison officials that Plaintiff had allegedly harassed and sent threatening messages to one or more persons.

2. Defendant's report was false. Plaintiff did not send threats, did not harass the alleged victim or victims, did not direct anyone else to do so, and did not use or control any phone number or account from which any alleged threat or harassment was sent.

3. Defendant made or caused the false report to be made for the purpose of causing Plaintiff to be placed in restrictive housing, inflicting severe emotional distress, harming Plaintiff's reputation with prison officials, impairing Plaintiff's ability to communicate and work on his legal matters, and frustrating Plaintiff's ability to represent himself in a controversial and highly publicized criminal appeal then pending before the United States Court of Appeals for the Fifth Circuit.

4. As a direct and foreseeable result of Defendant's false report, Plaintiff was removed from the Federal Prison Camp at Pollock, Louisiana, placed in handcuffs, and confined in the Special Housing Unit ("SHU") from approximately May 6, 2026 through May 29, 2026.

5. Plaintiff brings this action under Louisiana Civil Code article 2315 and Louisiana tort law, including defamation, defamation per se, intentional infliction of emotional distress, and intentional fault causing damage.

6. Because Defendant's identity is presently unknown and is believed to be within records held by the Federal Bureau of Prisons, Plaintiff intends to promptly seek early limited discovery, including subpoenas and/or Touhy requests directed to appropriate Bureau of Prisons officials or record custodians, for the limited purpose of identifying Defendant, confirming Defendant's citizenship, and preserving non-content phone and report metadata.

## II. PARTIES

7. Plaintiff John Anthony Castro is a natural person, a United States citizen, and a citizen of Texas for purposes of 28 U.S.C. section 1332.

8. Plaintiff's Texas citizenship is based on domicile. Plaintiff's current confinement and mailing address in Louisiana are involuntary custodial consequences of federal imprisonment and do not change his Texas domicile or citizenship. Plaintiff does not allege Louisiana citizenship and does not rely on Louisiana citizenship to establish diversity jurisdiction.

9. Plaintiff is currently confined by the Federal Bureau of Prisons at FCI Pollock Camp, P.O. Box 2099, Pollock, Louisiana 71467.

10. Defendant John/Jane Doe is a natural person whose true name, address, and exact state of citizenship are presently unknown to Plaintiff because the relevant report and identifying information are in the possession, custody, or control of the Federal Bureau of Prisons and/or telecommunications providers.

11. Upon information and belief, and based on Plaintiff's personal knowledge of the circumstances and the person believed responsible, Defendant John/Jane Doe was not domiciled in Texas or Louisiana when Defendant made or caused the false report described in this Complaint, and is not now domiciled in Texas or Louisiana.

12. Upon information and belief, Defendant John/Jane Doe is a United States citizen and a citizen of a State other than Texas and Louisiana for diversity purposes. Defendant is not a citizen of Texas and therefore does not share Plaintiff's Texas citizenship.

13. Plaintiff cannot presently identify Defendant's exact state of citizenship because Bureau of Prisons officials have refused to disclose the identity of the reporting person and have refused to provide Plaintiff the report, phone number, screenshots, metadata, or other information that would reveal the source of the false accusation.

14. After Defendant is identified through discovery or otherwise, Plaintiff will promptly amend this Complaint to substitute Defendant's true name, address, and exact state of citizenship, and to provide any additional jurisdictional allegations required by the Court.

## III. JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction under 28 U.S.C. section 1332(a)(1) because this is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Case 1:26-cv-01888    Document 1    Filed 06/04/26    Page 3 of 8 PageID #: 3

Castro v. Doe - Complaint - Page 3

16. Complete diversity exists because Plaintiff is a citizen of Texas and, upon information and belief, Defendant John/Jane Doe is a citizen of a State other than Texas. Plaintiff also alleges, upon information and belief, that Defendant is not a citizen of Louisiana.

17. The amount in controversy exceeds $75,000 because Defendant's conduct caused Plaintiff to suffer actual damages including, but not limited to, reputational injury, defamation damages, loss of ordinary camp conditions through SHU confinement, disruption of legal work and communications during a pending criminal appeal, humiliation, severe emotional distress to the extent recoverable, and other compensable damages. Plaintiff seeks damages of at least $100,000 or such greater amount as may be proven at trial.

18. Personal jurisdiction is proper because Defendant purposefully directed the false report to federal prison officials in Louisiana, knew or should have known that Plaintiff was confined at Pollock in Louisiana, intended that the report cause consequences to Plaintiff in Louisiana, and caused injury to Plaintiff in Louisiana.

19. Venue is proper in the Western District of Louisiana under 28 U.S.C. section 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including receipt and use of the false report by prison officials at Pollock, Plaintiff's SHU placement at Pollock, and Plaintiff's resulting injuries in Louisiana.

20. Venue is proper in the Alexandria Division because the relevant events occurred at FCI Pollock/FPC Pollock in Grant Parish, Louisiana.

### IV. FACTUAL ALLEGATIONS

21. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

22. Plaintiff is a federal prisoner housed at the Federal Prison Camp in Pollock, Louisiana.

23. On Wednesday, May 6, 2026, at approximately 7:00 p.m., Plaintiff was called to the office of Lieutenant Franks at Pollock.

24. When Plaintiff arrived, he was placed in handcuffs.

25. Plaintiff was told he was being detained and placed in the SHU.

26. Plaintiff was not told at that time why he was being placed in the SHU.

27. The SHU is a harsh restrictive-housing environment in which inmates are confined to a cell for approximately 24 hours per day and are deprived of the ordinary conditions, movement, communications, and relative freedom of a federal prison camp.

28. On Tuesday, May 19, 2026, Plaintiff saw Lieutenant Franks.

29. Lieutenant Franks told Plaintiff that he had been placed in the SHU pending an investigation into a report that Plaintiff was allegedly harassing and sending threatening messages to people.

30. Plaintiff immediately denied the allegation.

31. Plaintiff explained that he had not threatened or harassed anyone and had not sent any threatening messages.

32. Plaintiff also explained that a simple objective way to test the allegation would be to identify the phone number from which the alleged threats were sent, identify the phone provider, obtain subscriber/account and payment information through lawful process, and determine whether the phone number or account was connected to Plaintiff.

33. Upon information and belief, the report made or caused by Defendant falsely stated or implied that Plaintiff was responsible for threatening or harassing communications.

34. Upon information and belief, Defendant either fabricated the alleged threatening or harassing communications, knowingly attributed another person's communications to Plaintiff, or knowingly omitted material facts showing that the communications were not sent by Plaintiff.

35. Upon information and belief, Defendant knew when making or causing the report that Plaintiff had not threatened or harassed the alleged victim or victims.

36. Upon information and belief, Defendant made or caused the report with actual malice, ill will, and intent to injure Plaintiff.

37. Upon information and belief, Defendant made or caused the report to be communicated to the Bureau of Prisons because Defendant knew that prison officials would likely respond by isolating Plaintiff, placing him in SHU, restricting his communications, disrupting his legal work, and threatening transfer or other adverse prison consequences.

38. Upon information and belief, Defendant knew Plaintiff was representing himself in a criminal appeal before the United States Court of Appeals for the Fifth Circuit.

39. Upon information and belief, Defendant intended the false report to interfere with Plaintiff's ability to work on that appeal and to communicate with persons assisting him.

40. On Thursday, May 21, 2026, Lieutenant Franks informed Plaintiff that she had closed out the case in Plaintiff's favor and that Plaintiff would be returned to the camp.

41. Despite the investigation being closed in Plaintiff's favor, Plaintiff remained in the SHU until Friday, May 29, 2026, at approximately 9:00 a.m.

42. In total, Plaintiff was confined in the SHU for approximately 24 days because of Defendant's false report and the actions foreseeably triggered by that report.

43. During this period, Plaintiff was isolated from ordinary camp life and substantially restricted in his ability to communicate, use the phone, work on legal matters, obtain assistance, maintain normal routine, and protect his reputation and legal interests.

44. Plaintiff was provided access to the phone only once during the entire SHU period.

45. Plaintiff suffered severe distress, humiliation, anxiety, reputational injury, disruption of legal work, loss of ordinary camp privileges and conditions, and other damages.

46. Plaintiff remains at risk of continuing injury because the false report may remain in Bureau of Prisons records, may influence future prison decisions, may be used to justify future SHU confinement or transfer, and may continue to damage Plaintiff's reputation with prison officials.

47. Defendant's identity is not currently known to Plaintiff because Bureau of Prisons officials have not disclosed the reporting person's name, the report, the alleged sender phone number, screenshots, metadata, or related evidence.

48. Plaintiff has a good-faith basis to believe that records sufficient to identify Defendant exist, including the original report, emails, SIS or Lieutenant memoranda, phone numbers, screenshots, date/time information, metadata, and records identifying the person who supplied the report to BOP officials.

49. Plaintiff will seek early limited discovery to identify Defendant, confirm Defendant's citizenship, and then amend this Complaint to substitute Defendant's true name and exact state of citizenship.

## V. CLAIMS FOR RELIEF

### COUNT I - DEFAMATION AND DEFAMATION PER SE UNDER LOUISIANA LAW

50. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

51. Defendant made or caused to be made false statements concerning Plaintiff to the Bureau of Prisons.

52. The false statements included, or reasonably implied, that Plaintiff had harassed one or more persons and had sent threatening messages.

53. The statements were false.

54. The statements were defamatory because they tended to expose Plaintiff to contempt, hatred, ridicule, loss of reputation, adverse treatment by prison officials, disciplinary suspicion, SHU confinement, transfer risk, and other harm.

55. The statements were defamatory per se because they accused or implied serious misconduct, threatening communications, harassment, and potential criminal or disciplinary conduct.

56. Defendant published the statements to third parties, including Bureau of Prisons officials at Pollock and any other persons to whom Defendant communicated or caused the report to be communicated.

57. Defendant acted with fault, including negligence, reckless disregard for the truth, actual malice, knowing falsity, and intentional wrongdoing.

58. To the extent Defendant claims any conditional or qualified privilege for reporting suspected misconduct to authorities, Defendant abused and lost any such privilege because Defendant acted knowingly, falsely, maliciously, in bad faith, without reasonable grounds for believing the statements were true, and for a purpose outside any legitimate reporting privilege.

59. Defendant's false statements caused Plaintiff damages, including reputational harm, SHU confinement and its consequences, interference with legal work and communications, humiliation, emotional distress to the extent recoverable, and other damages.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER LOUISIANA LAW

60. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

61. Defendant's conduct was extreme and outrageous.

62. A person of ordinary decency would regard it as atrocious and intolerable to knowingly make or cause a false threat/harassment report to a prison with the purpose and foreseeable effect of causing a prisoner to be handcuffed, isolated, placed in SHU, deprived of ordinary communications, threatened with transfer, and impaired in his ability to work on a pending criminal appeal.

63. Defendant knew Plaintiff was in federal custody and vulnerable to severe consequences from a false report.

64. Defendant knew or was substantially certain that a false report accusing Plaintiff of threats or harassment would cause severe distress, isolation, fear, reputational injury, and legal disruption.

65. Defendant desired to inflict severe emotional distress on Plaintiff or knew that severe emotional distress was certain or substantially certain to result.

66. Plaintiff suffered severe emotional distress, humiliation, anxiety, mental anguish, and related injuries as a direct and foreseeable result of Defendant's conduct.

67. Plaintiff seeks recovery for emotional distress and mental anguish to the extent allowed by applicable law, and also seeks recovery for all non-emotional actual damages caused by Defendant's intentional tortious conduct.

## COUNT III - INTENTIONAL FAULT CAUSING DAMAGE UNDER LOUISIANA CIVIL CODE ARTICLE 2315

68. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

69. Under Louisiana Civil Code article 2315, every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

70. Defendant owed Plaintiff a duty not to knowingly make or cause false accusations to a correctional institution with the intended and foreseeable result of causing restrictive confinement, reputational injury, and legal disruption.

71. Defendant breached that duty by knowingly, intentionally, maliciously, and in bad faith making or causing a false report that Plaintiff had harassed or threatened others.

72. Defendant's conduct was a cause-in-fact and legal cause of Plaintiff's damages.

73. The injuries suffered by Plaintiff were a foreseeable and intended result of Defendant's false report.

74. Plaintiff suffered damages including, but not limited to, reputational harm, loss of ordinary camp conditions, restrictive SHU confinement, impairment of communications and

legal work, loss of access to normal institutional resources, humiliation, severe emotional distress to the extent recoverable, and other damages.

## VI. DAMAGES

75. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

76. Plaintiff seeks all compensatory damages available under Louisiana law and federal procedure, including damages for reputational injury, defamation, presumed/general damages where allowed, loss of ordinary camp conditions and communications, disruption of legal work and self-representation, humiliation, anxiety, severe emotional distress to the extent recoverable, and all other damages proven at trial.

77. Plaintiff seeks damages of at least $100,000, exclusive of interest and costs, or such other amount as the evidence may establish and the jury may award.

78. To the extent 42 U.S.C. section 1997e(e) or any similar limitation is argued to apply, Plaintiff pleads that his damages are not limited to mental or emotional injury and include reputational injury, defamation damages, loss of ordinary camp conditions and communications, interference with legal work, and other actual damages separate from emotional distress. Plaintiff also preserves all arguments that section 1997e(e) does not bar recovery of such damages in this diversity tort action against a private Defendant.

## VII. REQUEST FOR EARLY LIMITED DISCOVERY

79. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

80. Defendant's identity and exact state of citizenship are presently unknown only because the relevant report and identifying information are in the possession, custody, or control of the Bureau of Prisons or telecommunications providers.

81. The information needed to identify Defendant is narrow and readily identifiable: the original report, the person who made or transmitted it, the alleged sender phone number, date and time information, screenshots or copies of the messages in BOP's possession, and non-content subscriber/account/payment information associated with the phone number if the provider is identified.

82. Plaintiff will separately move for early limited discovery and a protective order authorizing narrowly tailored subpoenas and Touhy requests to identify Defendant, confirm Defendant's citizenship, and protect legitimate safety, privacy, or law-enforcement interests.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Anthony Castro respectfully requests that the Court enter judgment in his favor and against Defendant John/Jane Doe as follows:

A. Award Plaintiff compensatory damages in an amount of at least $100,000, or such greater amount as may be proven at trial;

B. Award Plaintiff presumed, general, special, and actual damages available under Louisiana defamation law and Article 2315;

C. Award pre-judgment and post-judgment interest to the extent allowed by law;

D. Award costs of this action to the extent allowed by law;

E. Permit Plaintiff, upon appropriate motion, to conduct early limited discovery to identify Defendant, confirm Defendant's citizenship, and preserve relevant evidence;

F. Permit Plaintiff to amend this Complaint after Defendant is identified; and

G. Grant all other relief the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

John Anthony Castro, Plaintiff pro se

BOP Register No. 93890-510

FCI Pollock Camp

P.O. Box 2099

Pollock, LA 71467

Date: June 1, 2026

## VERIFICATION UNDER 28 U.S.C. SECTION 1746

I, John Anthony Castro, declare under penalty of perjury under the laws of the United States of America that the factual allegations in this Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on: June 1, 2026.

_____

John Anthony Castro